AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

United States Federal
Southern District of Texas
FILED

MAY 18 2016

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Juan Carlos RIVAS | ) Case No. | H16-754 M |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 17, 2016__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1324(a)(1)(A)(ii) | knowing or in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law |

This criminal complaint is based on these facts:

See Attached Affidavit of HSI Special Agent Jarrid Tealer

☑ Continued on the attached sheet.

*Complainant's signature*

Jarrid Tealer, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 18, 2016

*Judge's signature*

City and state: Houston, Texas

Frances Stacy, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

**I, Jarrid L. Tealer, being first duly sworn, depose and state the following:**

1. I am a Special Agent (SA) in the Human Smuggling Group with Homeland Security Investigations (HSI) in Houston, Texas and have been so employed in this group since 2012, but have been employed with Department of Homeland Security/HSI since 2004. I am also a graduate of the Federal Law Enforcement Training Center at Glynco, Georgia, where I received training and experience in criminal investigations, including human smuggling investigations.

2. This affidavit is made in support of the criminal complaint charging Juan Carlos RIVAS with violations of 8 U.S.C. § 1324(a)(1)(A)(ii), which makes it a crime to transport, move, or attempt to transport illegal aliens.

3. The facts contained in this affidavit are based on the investigation I personally conducted, my training, knowledge, experience, and based on conversations with other law enforcement officers and agencies involved in this investigation.

4. This affidavit is for the limited purpose of establishing probable cause and is not a complete statement of all the facts related to this case.

5. On May 16, 2016, at approximately 11:00 p.m., the HSI Houston Human Smuggling Group received information from a Source of Information (SOI) indicating that at approximately 10:30 p.m. the same day, an alleged alien smuggler checked into the Deluxe Inn at 8505 North Fwy, Houston, Texas 77037, with approximately five (5) individuals suspected of being undocumented aliens.

6. The SOI advised a subject identified by an El Salvador identification card as Tito MERCADO-Cordova exited a black Honda Pilot and entered the hotel's reservation office with another unidentified male. The individual purporting to be MERCADO paid a fee of $69 in cash to secure room #136 for one (1) night. The SOI then observed MERCADO and the other unidentified male depart in the black Honda Pilot, and the vehicle drove to the rear of the inn and parked near room #136. The individual purporting to be MERCADO appeared to be the driver of the vehicle. The SOI then observed five (5) unidentified subjects exit the black Honda Pilot and enter room #136. The vehicle's driver and an unidentified front seat passenger departed the Deluxe Inn's property and five (5) unidentified subjects (5) remained in the room overnight.

1

7. On May 17, 2016, at approximately 6:00 a.m., HSI agents arrived at the Deluxe Inn and began conducting surveillance of room #136. At approximately 11:00 a.m., surveillance units observed the black Honda Pilot bearing Texas license plate FJW-7318, return to room #136. The vehicle was occupied by an unidentified driver and front seat passenger. The driver exited the vehicle and entered room #136. Approximately five (5) minutes later, surveillance units observed five (5) suspected undocumented aliens (UDAs) exit room #136 very cautiously, one at a time in approximately one (1) minute increments and enter the back seat area of the Honda Pilot. The driver re-entered the Honda Pilot and began to back out of the parking space to depart the Deluxe Inn property.

8. All assisting agents approached room #136 and conducted an investigative stop of the vehicle and detained all seven (7) subjects (including the unidentified driver and front seat passenger) involved pending further investigation to determine their immigration status and if a federal violation had occurred. All individuals in the vehicle were read their Miranda rights in Spanish by SA Ricardo Garza.

9. HSI agents conducted initial immigration checks and determined the driver, identified as Juan Carlos RIVAS, a citizen of El Salvador, was illegally present in the United States (U.S.). The six (6) vehicle passengers were determined to be citizens of Mexico and El Salvador illegally present in the U.S. All seven (7) subjects self-admitted to entering the U.S. without inspection and at a location not designated as an official U.S. Port of Entry. All seven (7) UDAs were arrested for entering the U.S. without inspection, advised of their Miranda Rights and transported to Houston's Immigration Service Processing Centers (SPC) for additional checks and further investigation.

10. HSI agents identified all six (6) of the vehicle's passengers as the following UDAs:

   (i)   Carlos Aladino GAMEZ-Gonzalez (El Salvador)
   (ii)  FCC-1999 (El Salvador – unaccompanied juvenile)
   (iii) Tito MERCADO-Cordova (El Salvador)
   (iv)  Rogelo MONTAREZ-Jose (Mexico)
   (v)   Yoani VERBOONEN-Baribo (Mexico)
   (vi)  Josue CARMONA-Melchor (Mexico)

11. HSI record checks revealed the driver: Juan Carlos RIVAS (W/M, DOB: XX/XX/1980, citizen and national of El Salvador, A# 205199731) was processed for an expedited removal by an immigration official on 01/17/2012 and physically removed through the Port of Harlingen, TX on 03/16/2012.

12. I later met with Deluxe Inn management and reviewed the saved surveillance video which had been recorded by the Deluxe Inn's security cameras. After review, the surveillance video corroborated the previous information received from the SOI. Based on my experience and training, the behavior of the vehicle's driver and passengers were consistent with common behavior displayed by alien smugglers.

13. On May 17, 2016, Juan Carlos RIVAS was read his Miranda Rights in Spanish by HSI SA Andres Garcia and RIVAS voluntarily agreed to answer questions and to provide a voluntary written statement without the presence of an attorney. RIVAS was interviewed at the HSI Houston office by SAs Andres Garcia and Juan Pagan. RIVAS stated he is a citizen and national of El Salvador. He entered the U.S. illegally and has been encountered by immigration authorities in 2012. RIVAS last entered the U.S. illegally in 2014. RIVAS stated he received a call on May 16, 2016, and the caller offered him a job transporting UDAs from Houston, Texas to California and agreed to pay RIVAS $100.00 USD per UDA. RIVAS agreed and met the unidentified male at a Fiesta Mart in Houston, Texas and received six (6) UDAs for transport to California. RIVAS stated it was late when he received the UDAs, so he placed them in a room at the Deluxe Inn for an overnight stay on May 16, 2016. RIVAS admitted he dropped off five (5) of the UDAs at the Deluxe Inn, room #136 and had one (1) female UDA who stayed with RIVAS at another location. RIVAS admitted he arrived at the Deluxe Inn on May 17, 2016, with the intent to pick up the five (5) male UDAs and transport all six (6) UDAs to California. RIVAS also admitted to transporting UDAs on twelve (12) separate occasions.

14. On May 17, 2016, all six (6) UDAs were interviewed at the Service Processing Center by HSI SAs Norma Martinez and Ricardo Garza. All UDAs were read their Miranda Rights in Spanish and agreed to provide a voluntary statement without the presence of an attorney. All UDAs provided consistent statements of paying smugglers between $5,000 and $9,000 USD in smuggling fees to be transported from their respective countries to California. All UDAs stated on May 16, 2016, they were picked up by a driver (later identified as Juan RIVAS) at a grocery store in Houston, Texas, and he drove them (four (4) adult males, one (1) unaccompanied male juvenile, and one (1) adult female) to the motel identified as the Deluxe Inn. The driver left the males at the motel and departed with the female. All UDAs stated the driver picked them up in the morning at the motel and told them to gather their belongings because he would be driving them to California. All UDAs positively identified RIVAS from a photo lineup as the person who transported them to the motel. All UDAs stated they had not been mistreated or threatened by the driver.

15. Based on the evidence gathered from the investigation, I respectfully submit there is probable cause to believe that Juan Carlos RIVAS violated 8 U.S.C. § 1324(a)(1)(A)(ii).

_____
Jarrid L. Tealer, Special Agent
Homeland Security Investigations

Sworn and subscribed before me this 18 day of May, 2016 and I find probable cause.

_____
Frances H. Stacy
United States Magistrate Judge
Southern District of Texas

4